Joshua O'Keith FLUELLEN,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00128–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 7, 2002.

Decided March 14, 2002.

Discretionary Review Refused
June 5, 2002.

---

Ebb B. Mobley, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Long-view, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Joshua O'Keith Fluellen pleaded guilty, as part of a plea bargaining agreement, to aggravated robbery. The trial court deferred a finding of guilt and placed Fluellen on ten years' community supervision.

The State later filed a motion to adjudicate Fluellen's guilt, alleging he committed eleven violations of the terms of his supervision. Fluellen pleaded not true to each of the allegations. The trial court found the allegations true, found Fluellen guilty, and sentenced him to fifty years' imprisonment.

Except in certain narrowly defined circumstances, *see Nix v. State,* 65 S.W.3d 664 (Tex.Crim.App.2001), if Fluellen wished to appeal issues arising from the original plea proceeding in an appeal taken from that proceeding, he must have done so at that time. *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). *Nix* addressed the void judgment exception, which recognizes there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *Nix v. State,* 65 S.W.3d 664. The judgment, being a nullity, may be attacked at any time.

In the absence of facts constituting a void judgment in the present case, we are without jurisdiction to consider an appeal from the original plea proceeding because Fluellen is appealing after his community supervision had been revoked and his guilt formally adjudicated. *Manuel v. State,* 994 S.W.2d at 662. In addition, we are without jurisdiction to consider issues regarding the proceeding at which his adjudication of guilt was formally made. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Cooper v. State,* 2 S.W.3d 500, 502 (Tex.App.Texarkana 1999, pet. ref'd). However, Fluellen may appeal issues related to his sentencing.[1]

---

1. By letter, we informed Fluellen of our conclusion that our jurisdiction is limited in this case and instructed him that if he disagreed with our conclusion, he should address the matter in his brief on appeal. Fluellen takes issue with our communication, contending such a letter could discourage litigants from making good faith attempts to modify existing law and demonstrates our predisposition to decide the issue of our jurisdiction adversely to him. We think, to the contrary, a letter such as the one sent to Fluellen allows appel-

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2002).

■ Fluellen contends the trial court erred in failing to order preparation of a presentence investigation (PSI) report. However, the record shows the trial court ordered preparation of a PSI report at Fluellen's request.

Fluellen also contends his fifty-year sentence is disproportionate to the offense. Fluellen was convicted of aggravated robbery, a first-degree felony. TEX. PEN.CODE ANN. § 29.03(b) (Vernon 1994). A first-degree felony is punishable by imprisonment for life or for not more than ninety-nine years or less than five years. TEX. PEN.CODE ANN. § 12.32(a) (Vernon 1994). Thus, Fluellen's fifty-year sentence is near the midpoint of the sentencing range.

■ Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim.App.1973). However, in *Jackson v. State*, 989 S.W.2d 842, 845 (Tex.App.Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Latham v. State*, 20 S.W.3d 63, 68–69 (Tex.App.Texarkana 2000, pet. ref'd).

■ A court's proportionality analysis under the Eighth Amendment should be guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637, 650 (1983). Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992); *see also Davis v. State*, 905 S.W.2d 655, 664–65 (Tex.App.Texarkana 1995, pet. ref'd).

■ Fluellen did not present this issue to the trial court; therefore, he did not preserve it for our review. TEX.R.APP. P. 33.1(a); *Jackson v. State*, 989 S.W.2d at 844. Even if Fluellen's contention had been preserved, there is no evidence in the record comparing the sentences imposed on persons in Texas with sentences imposed against defendants in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d at 69; *Davis v. State*, 905 S.W.2d at 664–65.

■ Fluellen also contends the trial court sentenced him based on factors other than the offense for which he was convicted. Specifically, he contends the trial court sentenced him based on his conduct after he was placed on community supervision. However, the court may properly consider evidence adduced at the punishment hearing following adjudication of the defendant's guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp.2002); *Earley v. State*, 855 S.W.2d

lants to concentrate their efforts on addressing the jurisdictional hurdles confronting them in appeals from the revocation of deferred adjudication community supervision, rather than merely raising issues this Court is without jurisdiction to consider. It does not, as Fluellen contends, indicate a predisposition to resolve jurisdictional challenges against him; rather, it establishes the terms on which such a challenge could be made.

260, 262 (Tex.App.-Corpus Christi 1993), *pet. dism'd,* 872 S.W.2d 758 (Tex.Crim. App.1994); *Jefferson v. State,* 803 S.W.2d 470, 472 (Tex.App.-Dallas 1991, pet. ref'd); *Howard v. State,* 830 S.W.2d 785, 787–88 (Tex.App.-San Antonio 1992, pet. ref'd) (citing *Fielding v. State,* 719 S.W.2d 361, 368 (Tex.App.-Dallas 1986, pet. ref'd)); *see also* 4 TEXAS CRIMINAL PRACTICE GUIDE § 82.02[3][e] (Matthew Bender & Co. ed., 2000).

Fluellen cites *Ex parte Feldman,* 593 S.W.2d 720 (Tex.Crim.App.1980), *overruled, Rogers v. State,* 640 S.W.2d 248, 255 n. 11 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g); *Furrh v. State,* 582 S.W.2d 824 (Tex.Crim.App.1979) (op. on reh'g); *Wallace v. State,* 575 S.W.2d 512 (Tex.Crim. App.1979); and *Wester v. State,* 542 S.W.2d 403 (Tex.Crim.App.1976), but these cases do not support his contention. In fact, none of these cases pertains to the sentence a defendant receives after his community supervision has been revoked.

*Feldman* held it was not a violation of a defendant's due process rights for the trial court to continue the revocation hearing to a later date after finding the defendant violated a condition of his or her community supervision. *Ex parte Feldman,* 593 S.W.2d at 721. *Wester* held a trial court cannot, after finding the defendant violated a term of his or her community supervision and continuing the defendant on community supervision, later revoke community supervision arbitrarily or on the mere fact of a new arrest. *Wester v. State,* 542 S.W.2d at 405. *Furrh* and *Wallace* held the trial court must find evidence of a new violation before revoking the defendant's community supervision, where the trial court previously found the defendant violated the terms of his community supervision and afterward modified its terms. *Furrh v. State,* 582 S.W.2d at 827; *Wallace v. State,* 575 S.W.2d at 514–15.

In this case, the trial court revoked Fluellen's community supervision after finding he committed three additional offenses as well as eight other violations of the terms of his community supervision. Thus, the trial court acted in accord with cases such as *Feldman, Furrh, Wallace,* and *Wester.* In addition, the trial court was entitled to consider these violations in formulating Fluellen's sentence.

The judgment is affirmed.