In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00119-CR


______________________________




RODNEY O'KEITH JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28,525-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Rodney O'Keith Johnson appeals from the revocation of his deferred adjudication
community supervision. He pled guilty, as part of a plea agreement, to robbery. In
accordance with the plea agreement, the trial court deferred a finding of guilt and placed
Johnson on ten years' community supervision.

 Later, the State moved to have the trial court revoke Johnson's community
supervision, alleging he committed two violations of its terms. Johnson pled true to the
State's first allegation and stipulated to its evidence regarding that allegation. The trial
court found that allegation true, found Johnson guilty of robbery, and sentenced him to
sixteen years' imprisonment.

 On appeal, Johnson contends his sentence is disproportionate to the offense. 
Johnson was convicted of a second degree felony, the punishment range for which is
between two and twenty years' imprisonment. See Tex. Pen. Code Ann. §§ 12.33(a),
29.02(b) (Vernon 1994). The trial court sentenced him to sixteen years' imprisonment.

 Texas courts have traditionally held that, as long as the punishment is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive,
cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
However, in Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.),
this Court recognized that a prohibition against grossly disproportionate punishment
survives under the Eighth Amendment apart from any consideration of whether the
punishment assessed is within the range established by the Legislature. See also Fluellen
v. State, 71 S.W.3d 870, 873 (Tex. App.-Texarkana 2002, pet. ref'd); Latham v. State, 20
S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd).

 A court's proportionality analysis under both the Eighth Amendment to the United
States Constitution and Article 1, § 13 of the Texas Constitution should be guided by (1)
the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on
other criminals in the same jurisdiction; and (3) the sentences imposed for commission of
the same crime in other jurisdictions. See Solem v. Helm, 463 U.S. 277, 292 (1983);
Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd) (evaluating an
appellant's Texas constitutional claim of cruel and unusual punishment under the test
outlined in Solem). Only if we infer the sentence is grossly disproportionate to the offense
will we then consider the remaining factors of the Solem test and compare the sentence
received to sentences for similar crimes in the same jurisdiction and to sentences for the
same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992);
see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.-Texarkana 1995, pet. ref'd).

 Johnson did not present this issue to the trial court; therefore, he did not preserve
it for our review. Tex. R. App. P. 33.1(a); Jackson, 989 S.W.2d at 844. Even if Johnson's
contention had been preserved, there is no evidence in the record comparing the
sentences imposed on persons in Texas with sentences imposed against defendants in
other jurisdictions who committed a similar offense. See Fluellen, 71 S.W.3d at 873;
Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664-65.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: January 2, 2003

Date Decided: January 30, 2003


Do Not Publish



: justify">Date Submitted:          November 18, 2003
Date Decided:             November 19, 2003