In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00117-CR
______________________________


JOSEPH MICHAEL BARKER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 294th Judicial District Court
Wood County, Texas
Trial Court No. 12,084


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          This appeal is one of three appeals by Joseph Michael Barker pending in our Court. 
All three are from final convictions in 1994. Barker did not appeal timely from any of these
convictions, but in 2003 the Texas Court of Criminal Appeals granted an out-of-time appeal
from all three. This particular appeal is from a final adjudication of guilt.


 
          The Texas Court of Criminal Appeals has held that a defendant placed on deferred
adjudication community supervision may raise issues relating to the original plea
proceeding, such as evidentiary sufficiency, only in appeals taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d 658,
661–62 (Tex. Crim. App. 1999). Barker therefore could not raise any claimed error at the
underlying plea proceeding, and has not attempted to do so in his brief. 
          A defendant also may not appeal the trial court's determination to adjudicate an
original offense on violation of community supervision. A court of appeals lacks jurisdiction
to entertain or consider an appeal from the adjudication hearing on any grounds. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992). 
          Barker's brief in this case raises issues claiming that the make-up of the grand jury
that indicted him for the two offenses to which he pled guilty was improper. He also claims
that those pleas of guilty were made involuntarily, and separately argues that the trial court
erred by accepting those pleas of guilty despite evidence of mental illness.
          Those contentions are directed at the two guilty pleas entered in the companion
cases. They do not attack the conviction at bar in this appeal, and thus they provide no
basis for us to review this conviction. Even if they did, we could not consider them,
because they would constitute an attack on the decision to adjudicate—a decision we
cannot review on appeal.
          Barker could appeal issues related to his sentencing. See Fluellen v. State, 71
S.W.3d 870, 872 (Tex. App.—Texarkana 2002, pet. ref'd). He has not done so. We
therefore have no jurisdiction over any portion of this appeal.
          Where we lack jurisdiction over an appeal, we have no authority to dispose of the
purported appeal in any manner other than by dismissing it for want of jurisdiction. Olivo
v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); see Rodarte v. State, 860 S.W.2d
108 (Tex. Crim. App. 1993).
          We dismiss the appeal.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 9, 2004
Date Decided:         June 10, 2004

Do Not Publish