In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00120-CR
______________________________


ELZIE HASKETT, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR98-188


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The trial court adjudicated Elzie Haskett, Jr., guilty and sentenced him to eight years'
confinement. Haskett appeals the trial court's sentence. He presents two issues to this Court: (1)
the trial court erred by failing to conduct a separate punishment hearing, and (2) his eight-year
sentence is excessive and disproportionate to the offense for which he was convicted. We overrule
both points of error and affirm the trial court's judgment.
Factual and Procedural Background
            On June 30, 1999, Haskett waived a jury trial and pled nolo contendere to possessing cocaine
in an amount greater than one gram but less than four grams, as charged in the indictment. See Tex.
Health & Safety Code Ann. § 481.115(c) (Vernon 2003). The trial court found the evidence
substantiated Haskett's guilt, but it deferred a finding of guilt and placed Haskett on community
supervision for a period of four years. 
            In 2000, the State moved to adjudicate Haskett's guilt. After hearing evidence and argument,
the trial court found Haskett had committed a new criminal offense (driving while intoxicated) and
had violated the terms of his community supervision in several other ways. Nonetheless, the trial
court overruled the State's motion to adjudicate guilt and continued Haskett's community
supervision. 
            In January 2003, the State filed a second motion to adjudicate Haskett's guilt. The trial court
heard evidence and arguments on the State's motion at a March 20 hearing, after which the trial court
found Haskett had violated the terms of his deferred supervision, adjudicated his guilt, and sentenced
him to eight years' imprisonment. 
Separate Punishment Hearing
            In his first appellate issue, Haskett contends the trial court erred by failing to conduct a
separate punishment hearing following its decision to adjudicate his guilt. An appellant has a
statutory right to a separate punishment hearing, but that right may be waived. Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001) (citing Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim.
App. 1992)). An appellant's failure to object to the lack of a separate punishment hearing waives the
error, if any, for review by the appellate court. Tex. R. App. P. 33.1(a); Vidaurri, 49 S.W.3d at
885–86.
            Haskett neither objected to the trial court's decision to proceed immediately with sentencing
nor raised this issue in his motion for new trial. Error, if any, has not been preserved for this Court's
review. 
            Even if Haskett had not waived the right to a separate punishment hearing, we believe the
trial court properly conducted such a hearing. The record shows that, when all evidence was
concluded as to Haskett's guilt or innocence, the State and defense each announced the evidence was
closed. The State waived closing argument concerning guilt or innocence. Haskett urged the court
to leave Haskett on deferred adjudication community supervision. The court announced its
determination of each of the alleged violations regarding Haskett's community supervision
conditions and said, "I'll now call the case for punishment."
            The State announced that it had no more evidence, but asked the court to take judicial notice
of prior hearings in that court concerning Haskett and any presentence investigation report. Haskett's
counsel stated that he saw no reason for Haskett to testify again and urged the court to place Haskett
on five years' community supervision. In response, the State requested the court to assess
punishment of ten years' confinement. 
            On completion of these statements, the trial court assessed an eight-year sentence in the
Institutional Division of the Texas Department of Criminal Justice and gave Haskett an opportunity
to speak before sentencing. After Haskett's response, the court sentenced him. 
            We believe the trial court properly conducted a separate punishment hearing. The fact that
neither the State nor Haskett offered additional testimony does not necessarily lead to the conclusion
that the trial court denied Haskett his right to a separate punishment hearing. 
            We overrule Haskett's first point of error.
Disproportionate Sentence
            In his second point of error, Haskett contends the trial court's imposition of an eight-year
sentence constitutes excessive and disproportionate punishment. Illegal possession of cocaine in an
amount greater than one gram but less than four grams is a third degree felony. Tex. Health &
Safety Code Ann. § 481.115(c). The punishment range for a third degree felony is imprisonment
for "not more than 10 years or less than 2 years." Tex. Pen. Code Ann. § 12.34(a) (Vernon 2003). 
Haskett's sentence of eight years falls within the statutory range provided by law. 
            Traditionally, as long as the punishment assessed is within the range prescribed by the Texas
Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g., Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614 (Tex.
Crim. App. 1972). However, the United States Supreme Court's decision in Solem v. Helm, 463 U.S.
277, 292 (1983), held the Eighth Amendment prohibits sentences that are disproportionate to the
crime committed. The Solem Court provided a test which required a court's proportionality analysis
to be guided by objective criteria, including (1) the gravity of the offense and the harshness of the
penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions. See id.
            The United States Supreme Court again addressed the proportionality analysis in Harmelin
v. Michigan, 501 U.S. 957 (1991). As this Court noted in Davis v. State, 905 S.W.2d 655, 664–65
(Tex. App.—Texarkana 1995, pet. ref'd), Harmelin modified the Solem test. Although five of the
justices in Harmelin rejected the Solem test, seven still supported an Eighth Amendment prohibition
against grossly disproportionate sentences. Id. at 664.
            In Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.), we clarified
Solem's proportionality analysis as modified by Harmelin. We recognized that, under the United
States and Texas Constitutions, 1) a prohibition against "grossly disproportionate" sentences survives
independently of legislative punishment ranges, and 2) a modified Solem analysis applies. Id. at 846. 
Under our decision in Jackson, we first make a threshold comparison of the gravity of the offense
against the severity of the sentence, and then consider whether the sentence is grossly
disproportionate to the offense. Id.; see also Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring). 
Only if we find the sentence is grossly disproportionate to the offense should we then consider the
remaining Solem factors and compare the sentence received to sentences for similar crimes in the
same jurisdiction and to sentences for the same crime in other jurisdictions. Jackson, 989 S.W.2d
at 846; see Harmelin, 501 U.S. at 1005; see also Alberto v. State, 100 S.W.3d 528, 530 (Tex.
App.—Texarkana 2003, no pet.); Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana
2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd).
            In the case now before us, we cannot say Haskett's eight-year sentence is grossly
disproportionate to the offense he admitted committing. Haskett received less than the State's
requested maximum sentence of ten years. In 2001, the trial court had shown Haskett leniency by
overruling the State's motion to adjudicate guilt even though it found he had committed the new
criminal offense of driving while intoxicated. Given the record in this case, we cannot say the
severity of the sentence was grossly disproportionate to the gravity of the crime. Moreover, there
is no evidence in the record comparing the sentence with the sentences imposed against other
defendants in this or other jurisdictions who committed a similar offense. See Fluellen, 71 S.W.3d
at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664–65. 
            For the reasons stated, we overrule Haskett's second point of error and affirm the trial court's
judgment.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 15, 2004
Date Decided:             June 16, 2004

Do Not Publish