In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00053-CR
______________________________


BILLIE JO RIVERS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32338-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Billie Jo


 Rivers pled guilty to charges of delivery of less than twenty-eight grams of
a controlled substance and elected to have a jury assess punishment.


 On January 25,
2005, the jury found Rivers guilty and assessed a punishment of two years' imprisonment
and a $1,000.00 fine. Rivers now appeals the sentence imposed for this conviction.


 She
contends the sentence imposed is disproportionate to her offense.


 We affirm.
I.        Applicable Law
          A.       Range of Punishment
          Rivers was convicted of delivery of a penalty group three controlled substance in an
amount of less than twenty-eight grams. Delivery of this amount of a penalty group three
controlled substance is a state jail felony, carrying a sentencing range of between 180
days' to two years' confinement and a fine of up to $10,000.00. Tex. Health & Safety
Code Ann. § 481.114(b) (Vernon 2003); Tex. Pen. Code Ann. § 12.35 (Vernon 2003).
          B.       Proportionality of Punishment
          Traditionally, when the punishment assessed is within the range prescribed by the
Texas Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972). However, the United States Supreme Court
held the Eighth Amendment prohibits sentences that are disproportionate to the crime
committed. See Solem v. Helm, 463 U.S. 277, 292 (1983). The Solem Court provided a
test which required a court's proportionality analysis to be guided by objective criteria,
including (1) the gravity of the offense and the harshness of the penalty; (2) the sentences
imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for
commission of the same crime in other jurisdictions. See id.
          The United States Supreme Court again addressed the proportionality analysis in
Harmelin v. Michigan, 501 U.S. 957 (1991). As this Court noted in Davis v. State, 905
S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd), Harmelin modified the
Solem test.


 In Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no
pet.), we clarified Solem's proportionality analysis as modified by Harmelin. We recognized
that, under the United States and Texas Constitutions, 1) a prohibition against "grossly
disproportionate" sentences survives independently of legislative punishment ranges, and
2) a modified Solem analysis applies. Id. at 846.
          Under our decision in Jackson, we first make a threshold comparison of the gravity
of the offense against the severity of the sentence, and then consider whether the
sentence is grossly disproportionate to the offense. Id.; see also Harmelin, 501 U.S. at
1005 (Kennedy, J., concurring). Only if we find the sentence is grossly disproportionate
to the offense should we then consider the remaining Solem factors and compare the
sentence received to sentences for similar crimes in the same jurisdiction and to sentences
for the same crime in other jurisdictions. Jackson, 989 S.W.2d at 846; see Harmelin, 501
U.S. at 1005; see also Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002,
pet. ref'd).
II.       Analysis  
          A.       Sentence Not Excessive or Disproportionate to Offense
          In the instant case, we cannot say Rivers' two-year sentence is grossly
disproportionate to the offense she admitted committing. Although the $1,000.00 fine falls
far short of the maximum fine allowable under Section 12.35, two years is the maximum
sentence allowed by law. Nonetheless, we cannot conclude that such punishment is
grossly disproportionate to the offense committed. We emphasize that Rivers admitted to
participating in multiple transactions in which she sold prescription medication— 
pharmaceutical grade dihydrocodeinone


—for her boyfriend at the time. Two of these
transactions were recorded on videotape. Rivers testified her boyfriend had back problems
for which he was prescribed this medication. She also explained that, although she would
sometimes get money from him, money from the drug sales went to the boyfriend; she sold
the drugs to various individuals for her boyfriend. The record also shows Rivers had a
criminal record, albeit an arguably minimal one. In 1998, she was placed on community
supervision for theft by check. While on supervision, she tested positive for cocaine and
marihuana use and also failed to report and pay applicable fees. Eventually, her
supervision was revoked, and she served 120 days in jail. The jury could consider Rivers'
criminal history and her history of drug abuse. See Davis, 905 S.W.2d at 665. 
 

          B.       Conclusion
          Even though Rivers serves as the caretaker for her ailing sister, considering the
record in this case, we cannot say the two-year sentence was grossly disproportionate to
the gravity of the crime. We overrule Rivers' sole point of error and affirm the trial court's
judgment. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 28, 2005
Date Decided:         November 4, 2005

Do Not Publish