

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00029-CR

_____

STACIE LYNN OLIVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29272

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Stacie Lynn Oliver has appealed from the adjudication of her guilt for the offense of forgery. The trial court sentenced her to two years' confinement in a state jail facility.[1]

On appeal, Oliver contends that her sentence is disproportionate to the crime, citing, among other cases, *Fluellen v. State*, 71 S.W.3d 870 (Tex. App.—Texarkana 2002, pet. ref'd), and *Latham v. State*, 20 S.W.3d 63 (Tex. App.—Texarkana 2000, pet. ref'd). To preserve such a complaint for appellate review, Oliver must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review). We have reviewed the records of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.), and

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

*Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)),  no motion for new trial was filed.  Thompson has not preserved such an issue for appeal.

There being no other issues before us, we affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:      May 7, 2009
Date Decided:        May 8, 2009

Do Not Publish