In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00029-CR


______________________________




STACIE LYNN OLIVER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 3rd Judicial District Court


Anderson County, Texas


Trial Court No. 29272




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Stacie Lynn Oliver has appealed from the adjudication of her guilt for the offense of forgery.
The trial court sentenced her to two years' confinement in a state jail facility. (1) 

 On appeal, Oliver contends that her sentence is disproportionate to the crime, citing, among
other cases, Fluellen v. State, 71 S.W.3d 870 (Tex. App.--Texarkana 2002, pet. ref'd), and Latham
v. State, 20 S.W.3d 63 (Tex. App.--Texarkana 2000, pet. ref'd). To preserve such a complaint for
appellate review, Oliver must have presented to the trial court a timely request, objection, or motion
that stated the specific grounds for the desired ruling, or the complaint must be apparent from the
context. See Tex. R. App. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433 (Tex. Crim. App.
2005); Williams v. State, 191 S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.) (claims of cruel
and unusual punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences
were cruel and unusual waived claim of error for appellate review). We have reviewed the records
of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court
has held that a motion for new trial is an appropriate way to preserve this type of claim for review
(see Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.), and
Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.)), no motion for new trial
was filed. Thompson has not preserved such an issue for appeal.

 There being no other issues before us, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: May 7, 2009

Date Decided: May 8, 2009


Do Not Publish


1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.