In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00232-CR
_____

CORDARIUS LEON GILLIS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-10871

_____

MEMORANDUM OPINION

Cordarius Leon Gillis pleaded guilty under a plea bargain to possession of a weapon in a prohibited place. The trial court deferred adjudication of guilt and placed Gillis on community supervision. The State filed a motion to revoke, and Gillis pleaded "true" to two violations of his community supervision. The trial court revoked the community supervision and sentenced Gillis to ten years in prison. He appeals from the revocation.

Gillis argues the ten-year sentence is constitutionally disproportionate and unreasonable under the Eighth Amendment to the United States Constitution and article I,

1

section 13 of the Texas Constitution. He does not argue that the relevant state constitutional provision is broader or offers greater protection than the Eighth Amendment. *See Baldridge v. State*, 77 S.W.3d 890, 894 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006) (footnote omitted). The sentence was within the statutory range of not less than two or more than ten years in prison. *See* Tex. Penal Code Ann. §§ 12.34, 46.03 (West 2011). The record contains no evidence of disproportionality between sentences imposed in this jurisdiction and any other jurisdictions for a similar offense. *See Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App.—2002, pet. ref'd).

Gillis did not object when the trial court sentenced him to ten years in prison, nor did he file a motion for new trial challenging the punishment assessed. The issue is not preserved for our review. Tex. R. App. P. 33.1(a); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such

error in the trial court."); *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd).

Gillis states that the evidence was insufficient to revoke his community supervision and to adjudicate guilt, but he offers no argument on the issue. *See* Tex. R. App. P. 38.1(i). Gillis further asserts that the trial court considered matters not presented in evidence. He does not point to the specific evidence he is referring to and there was no objection made at the revocation hearing. *See* Tex. R. App. P. 33.1(a).

We overrule Gillis's issues and affirm the conviction.

AFFIRMED.

_____
                                        DAVID GAULTNEY
                                        Justice

Submitted on October 29, 2012
Opinion Delivered November 7, 2012
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

3