

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00140-CR

_____

JUD WAYMOND SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17233

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On June 15, 2017, a jury found Jud Waymond Smith guilty of bail jumping and failure to appear. After the jury found the two enhancement paragraphs true, Smith was sentenced to seventy-five years' confinement in prison. On appeal, Smith contends that the sentence imposed was disproportionate to the offense. Because we find Smith's sentence of seventy-five years' confinement was not disproportionate, we affirm the trial court's judgment.

## I.    Background

On February 14, 2015, Smith was arrested for the offense of driving while intoxicated (DWI).[1] During the drive to the Upshur County Jail, Smith was extremely belligerent toward the arresting officer, Brandon Love. Smith argued continuously with Love, and he repeatedly stated that he did not have to listen to anything Love was explaining to him. When Love asked Smith if he would voluntarily give a blood sample to determine his blood alcohol content, Smith responded, "I don't have to give nothin'." Smith continued, "You can't prove s***." "You ain't getting' s*** out of me." As he continued his lengthy tirade,[2] Smith threatened Love stating, among other things, "You put your hands on me and that's it."[3] According to Love, he had no doubt that Smith intended to cause him serious bodily harm. As a result of his actions that day, Smith was subsequently arrested and charged with the felony offense of retaliation against Love.

---

[1]Initially, officers received a report that Smith was throwing beer bottles out of the window of his vehicle.

[2]Smith's belligerent behavior continued for well over an hour.

[3]The State offered, and the trial court admitted, four separate recordings of the incident.

A hearing on the retaliation charge was set for November 24, 2015. Smith failed to appear for the November 24 hearing, and as a result, the trial court issued a bond forfeiture and Smith was charged with bail jumping and failure to appear, enhanced by two prior felony convictions. The indictment stated that on November 9, 2015,[4] and before the presentment of the indictment against him, that Smith

> did then and there, after being lawfully released from custody on a pending felony charge on condition that he subsequently appear in court, intentionally or knowingly fail to appear in accordance with the terms of his release, to wit: (See attached bond);
>
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereinafter styled the primary offense), on the 12[th] day of November, 2004, in cause number F-0435699 in the 283[rd] District Court of Dallas County, Texas, the defendant was convicted of the felony offense of Unlawful Possession of a Firearm By Felon;
>
> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number F-0435699 was final, the defendant committed the felony offense of Retaliation and was convicted on the 12[th] day of August, 2011, in cause number F-1048464 in the Criminal District Court #3 of Dallas County, Texas.

Following a jury trial, Smith was convicted of bail jumping and failure to appear. The jury found two enhancement paragraphs to be true and assessed Smith's punishment at seventy-five years in prison. In his sole point of error on appeal, Smith contends that the sentence assessed by the jury was grossly disproportionate to the underlying offense and, thus, was a violation of his due process rights.[5]

---

[4]On June 14, 2017, the State amended the indictment against Smith, stating that the offense occurred on November 24, 2015, not November 9, 2015.

[5]As pointed out by the State, Smith neither challenges the constitutionality of the applicable statutes nor challenges the State of Texas' authority to punish him in this manner, that is, by confinement in prison.

## II.   Discussion

The offense of bail jumping and failure to appear is committed when a person who is lawfully released from custody on condition that he subsequently appear intentionally or knowingly fails to appear in accord with the terms of his release. TEX. PENAL CODE ANN. § 38.10(a) (West 2016).  The offense "is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony."  TEX. PENAL CODE ANN. § 38.10(f) (West 2016).  Here, the underlying offense was retaliation against a peace officer, a third degree felony.[6]  Moreover, Smith's punishment was subject to enhancement due to two prior felony convictions, thereby increasing the sentencing range from two to ten years in prison to twenty-five to ninety-nine years or life.

Texas courts have traditionally held that so long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual.  *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  Here, Smith pled true to the two enhancement paragraphs contained in the indictment against him, thereby increasing the punishment range to twenty-five to ninety-nine years or life in prison.  Thus, the jury was well within its discretion to assess a seventy-five-year sentence against Smith.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

---

[6]A person commits the offense of retaliation if he intentionally or knowingly harms or threatens to harm another by an unlawful act because of the service or status of that other person as a public servant, witness, prospective witness, or informant, or because the other person intends to report or has reported the occurrence of a crime.  TEX. PENAL CODE ANN. § 36.06(a)(1) (West 2016).  Such offense is, in general, a felony of the third degree.  TEX. PENAL CODE ANN. § 36.06(c) (West 2016).

However, in *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd); *Latham v. State*, 20 S.W.3d 63, 68–69 (Tex. App.—Texarkana 2000, pet. ref'd). Our proportionality analysis under both the Eighth Amendment to the United States Constitution and Article I, Section 13, of the Texas Constitution is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other individuals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292 (1983); *Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual punishment under test outlined in *Solem*). Notably, only if we find that the sentence is grossly disproportionate to the offense will we then consider the remaining two factors of the *Solem* test and compare the sentence received to sentences from similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.).

Smith was sentenced pursuant to the provisions of Section 12.42(d) of the Texas Penal Code.[7] Under this statute, a "sentence is imposed to reflect the seriousness of his most recent

---

[7]Section 12.42(d) of the Texas Penal Code provides that a defendant's punishment may be enhanced if

it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction

offense, not as it stands alone, but in light of prior offenses." *Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd) (citing *Rummel v. Estelle*, 445 U.S. 263, 276 (1980)). A habitual offender's sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Id*. (citing *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). Thus, when we are considering the appropriateness of Smith's sentence, we consider the present offense as well as his criminal history. *See Vrba v. State*, 69 S.W.3d 713, 724 (Tex. App.—Waco 2002, no pet.).

Smith's criminal history goes back at least as far as October 1984, when he was convicted of theft by check. As a result of that conviction, Smith received a sentence of six months' community supervision. In October 1985, Smith was convicted of felony criminal mischief and was placed on community supervision for a period of ten years. About two years later, his community supervision was revoked, and he was sentenced to two years' confinement in prison. In April 1987, Smith was arrested and charged with assault and was sentenced to thirty days in jail. In January 1988, Smith was convicted of felony theft and, as a result, he was sentenced to three years' confinement in prison. In October 1995, he was charged with and convicted of DWI, for which he spent 120 days in jail. In December 1997, Smith was sentenced to five years in prison for committing the offense of aggravated assault. In November 2004, Smith was sentenced to five

---

is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

years' confinement as a result of a conviction for unlawful possession of a firearm by a felon. In August 2011, Smith was convicted of the offense of retaliation, for which he was sentenced to two years' confinement in prison. Lastly, in September 2011, Smith spent thirty days in jail due to a conviction for family violence assault.

Smith contends that while he may have a criminal history, the sentences he previously served were not excessive. Smith also emphasizes his current age of sixty-eight years. According to Smith, these two factors weigh in favor of a finding that his seventy-five-year sentence was grossly disproportionate to the underlying offense. We disagree.

The gravity of the underlying offense was greatly increased by the evidence admitted during the punishment phase of the proceedings, which showed that Smith has a lengthy and consistent pattern of criminal behavior which spans a period in excess of thirty years. The evidence showed that Smith has been charged and convicted of crimes of violence, crimes involving deceit, and crimes against the community. Moreover, Smith voluntarily pled "true" to two prior felony convictions, thereby acknowledging the increased punishment range and his standing as a habitual offender.

In *Rummel v. Estelle*, the United States Supreme Court held that it did not constitute "cruel and unusual punishment" to impose a life sentence under the Texas "recidivist statute" (currently Section 12.42(d) of the Texas Penal Code) against a defendant who had been convicted of fraudulent use of a credit card to obtain $80.00 worth of goods or services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses. *Rummel v. Estelle*, 445 U.S. 263 (1980). In this case, because Smith's sentence was within the statutory range of punishment

7

and evidence was presented regarding his extensive prior criminal history, Smith's punishment was not prohibited as being cruel, unusual, or excessive, and the assessed sentence of seventy-five years was not grossly disproportionate.[8]

We overrule Smith's sole point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:      March 6, 2018
Date Decided:        April 10, 2018

Do Not Publish

---

[8]Having determined that Smith's sentence is not grossly disproportionate, we find it unnecessary to consider the remaining factors of the *Solem* test.