**Kenneth Rode HOGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49936.**

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Rehearing Denied Dec. 3, 1975.

Marvin O. Teague and Bob W. Robertson (Both on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Att'y., Clyde F. DeWitt, III, and Ronald Young, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted by a jury of burglary under our former Code. At the hearing on punishment, the trial court found appellant to be a second offender and assessed his punishment at twelve years.

The record reflects that on October 30, 1972, Houston police officers B. J. Foster and J. L. Baker received a general call on their police radio that a break-in was in progress at 835 Tulane. They went to that address and found a man sitting in an automobile in the driveway of the residence there. They arrested the man, and present-ly Baker arrested another man who ran out the front door of the house.

Foster went to the back of the house, saw that the back door had been broken open, and entered the house where he discovered the appellant and one other individual "going through dresser drawers and carrying stuff to the door and placing it by the door." Foster testified that when he first observed the appellant, appellant was wearing gloves and had a screwdriver in his pocket and "property in his hand." Foster then placed the two men under arrest.

The complainant, Demetre Balahopolo, testified that he lived at the house at 835 Tulane on the date in question and that he never gave the appellant permission to go into the house. He further testified that he never gave such permission to anyone except his daughter.

The appellant took the stand and admitted his presence in the house but insisted that one of his companions directed him there. He stated that he did not intend to burglarize the premises and did not know that any of his companions intended to do so. He testified that when the group first arrived at the house he stayed in the car for fifteen or twenty minutes, and only then went into the house, where he saw two of his companions and "realized what was going on." He then attempted to leave the house but was apprehended by Foster before he could do so. The appellant denied wearing gloves or possessing a screwdriver at the time of his apprehension. No other witnesses testified for the appellant.

■ By his grounds of error numbered one through seven (a), appellant contends that the evidence is insufficient to prove lack of consent. Specifically, he urges that the State was obliged to prove that appellant did not receive consent from or through the complainant's unnamed daughter.

In *Fletcher v. State*, 396 S.W.2d 393, 395–396 (Tex.Cr.App.1965), this Court responded to a similar contention:

"Having proved want of consent of the owner and occupant of the building as alleged in the indictment, the state was not required to allege or prove want of consent of any other party claimed to have authority to give consent to the breaking and entry of the building, this being purely a matter of defense. [Citations omitted]"

See also *Espinosa v. State*, 463 S.W.2d 8 (Tex.Cr.App.1971); 4 Branch's Ann.P.C. (2d Ed.) Sec. 2536, p. 864. No error is shown.

In his remaining grounds appellant challenges the sufficiency of the evidence to support the enhancement allegation in the indictment. He initially contends that at the *first* punishment hearing the State failed to show that the conviction used for enhancement was final. He then contends that there was no showing at the *second* punishment hearing that the appellant was the same person who was found guilty at the guilt-innocence stage of the trial. This latter showing was necessary, according to appellant, because a different judge presided at the second punishment hearing.

■ The record reflects that after appellant was found guilty the court[1] found that he had been previously convicted of burglary as alleged in the indictment and set his

1. The Honorable Clarence M. Ferguson, judge of the 77th Judicial District, presiding.

punishment at twelve years. Art. 62, V.A.P.C. This finding was based upon a penitentiary packet and a fingerprint comparison by a qualified fingerprint expert. See *Richardson v. State*, 432 S.W.2d 100 (Tex.Cr.App.1968).

Briefs were filed pursuant to Article 40.-09, V.A.C.C.P., and the trial court,[2] after considering the briefs and the record, ordered a new hearing on punishment, "[i]t appearing to the Court that there was an insufficiency of proof as to the finality of the prior convictions [sic] alleged for enhancement." The record reflects that the penitentiary packet introduced at the first punishment hearing did not contain a sentence. See *White v. State*, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1962).

At this second hearing the State again introduced the testimony of a qualified fingerprint expert and an authenticated penitentiary packet, which contained all of the requisite papers. *Richardson v. State*, supra. The court again found the enhancement allegation to be true and assessed punishment at twelve years.

It was proper for the court to hold a second punishment hearing, since upon an appeal this Court would have remanded for punishment alone. *White v. State*, supra; *Marrero v. State*, 500 S.W.2d 818 (Tex.Cr.App.1973). See *Gonzales v. State*, 527 S.W.2d 540 (Tex.Cr.App.1975). See also *Guzman v. State*, 521 S.W.2d 267 (Tex.Cr.App.1975).

It is not improper for a different judge to sit at the punishment hearing. Art. 1916, Vernon's Ann.Civ.St.; *Lavallas v. State*, 444 S.W.2d 931 (Tex.Cr.App.1969). This is true, absent an abuse of discretion, even if an objection is made. *Joines v. State*, 482 S.W.2d 205 (Tex.Cr.App.1972); see also *Balderas v. State*, 497 S.W.2d 298 (Tex.Cr.App.1973).

Nor can appellant be heard to complain that he was not identified at the second hearing as the person convicted at the guilt-innocence stage of the trial. At the beginning of the hearing the trial judge called the name of the person charged in the indictment, and appellant's attorney answered, "Yes Your Honor. He's present." The court then announced the correct cause number. At no time did appellant object on the ground he now urges. Any error was waived.

The judgment is affirmed.

---

2. The Honorable Miron A. Love, presiding.