ACCEPTED
13-14-00271-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/19/2015 2:53:04 PM
Dorian E. Ramirez
CLERK

## DOCKET NO. 13-14-00271-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/19/2015 2:53:04 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS FOR
THE 13ᵀᴴ DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

**VICTOR CAMPOS,**
**APPELLANT**

**vs.**

**THE STATE OF TEXAS,**
**APPELLEE**

APPEAL FROM CAUSE NO. 13-CR-2691-E
IN 148ᵀᴴ JUDICIAL DISTRICT
OF NUECES COUNTY, TEXAS

## APPELLANTS'S BRIEF

**CELINA LOPEZ LEON**
LAW OFFICE OF SCOTT M. ELLISON, P.L.L.C.
410 PEOPLES ST.
CORPUS CHRISTI, TX 78401
TELEPHONE: (361) 887-7600
FACSIMILE: (361) 882-4728

**ATTORNEY FOR APPELLANT**

## IDENTITIES OF PARTIES AND COUNSEL

**Judge Presiding**

The Honorable Judge Guy Williams
148TH District Court
901 Leopard St.
Corpus Christi, TX 78401

The Honorable Judge Manuel Banales, *Visiting Judge*
148TH District Court
901 Leopard St.
Corpus Christi, TX 78401

**For Appellant**

Mrs. Celina Lopez Leon, Esq.                  Mr. Adam Rodrigue, Esq.
410 Peoples St.                                400 Mann Street, Suite 700
Corpus Christi, TX 78401                       Corpus Christi, TX 78401
(361) 887-7600                                 SBN. 24037377
SBN. 24070170                                  (Trial Attorney)
(Appellate Attorney)

Mr. James Martin, Esq.
615 Leopard St, Suite 727
Corpus Christi, TX 78401
SBN. 13080300
(Former Appellate Attorney)

**For Appellee**

Mr. Mark Skurka, Esq.
District Attorney, Nueces County
901 Leopard St.
Corpus Christi, TX 78401


## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is requested on Appellant's behalf to facilitate and elucidate

the manner in which the facts relate to the legal arguments

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ................................................................................. iii

INDEX OF AUTHORITIES .............................................................................iv

STATEMENT OF THE CASE ..........................................................................1

ISSUES PRESENTED .....................................................................................3

    **I.     WAS THE FORTY-FIVE YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT WHEN THERE WAS NO FINDING OF A DEADLY WEAPON?**

STATEMENT OF FACTS ..................................................................................3

SUMMARY OF THE ARGUMENT ..................................................................5

ARGUMENT AND AUTHORITIES .................................................................6

    **I.     WAS THE FORTY-FIVE YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT WHEN THERE WAS NO FINDING OF A DEADLY WEAPON?**................................................................6

CONCLUSION AND PRAYER FOR RELIEF....................................................16

CERTIFICATE OF SERVICE .........................................................................18

RULE 9.4(i) CERTIFICATION ........................................................................19

# INDEX OF AUTHORITIES

## CASES

*Carlock v. State*, 8 S.W.3d 717 (Tex.App. – Waco 1999)......................................15

*Fluellen v. State*, 71 S.W.3d 870 (Tex.App. – Texarkana 2002) ..........................7,9

*Gonzalez v. State*, 2013 WL268982 (Tex.App. – Corpus Christi-Edinburg)..........13

*Hall v. State,* 2014 WL7404017 (Tex.App.  – Corpus Christi) ...............................11

*Harms v. State*, 2005 WL1845170 (Tex.App. – Corpus Christi-Edinburg).......12,13

*Hogan v. State*, 529 S.W.2d 515 (Tex.Crim.App. 1975)..........................................6

*Hooks v. State*, 860 S.W.2d 110 (Tex.Crim.App. 1993) .........................................11

*Jackson v. State*, 680 S.W.2d 809 (Tex.Crim.App. 1984).........................................6

*Jackson v. State*, 989 S.W.2d, 845 (Tex.App. – Texarkana 1999, no pet.) ...............7

*Johnson v. Texas*, 233 S.W.3d 420 (Tex.App. – Fort Worth 2007) ...................10,11

*Myers v. State*, 2007 WL 4146741 (Tex.App. – Amarillo) .....................................15

*Nunez v. State*, 565 S.W.2d 536 (Tex.Crim.App. 1978)...........................................6

*Polk v. State*, 693 S.W.2d 391 (Tex.Crim.App. 1985)………………………........10

*Reavis v. State*, 1997 WL217138 (Tex.App. – Austin) ...........................................14

*Saenz v. State*, 2012 WL114199 (Tex.App. – Corpus Christi-Edinburg) ...............12

*Solem v. Helm*, 463 U.S. 277, 277 (1983) ...............................................................8

*Williams v. State*, 2010 WL 3307456 (Tex.App. – Houston [14th Dist.]) ..........15,16

## STATUTES

TEX.PEN.CODE ANN. § 12.32(a)......................................................................................9

TEX.PEN.CODE ANN. § 30.02(d). ...............................................................................9

TEX.R.APP. §33.1 ........................................................................................................7

TEX.R.APP.PROC. §33.1(a)(1)(A),(B) ........................................................................7

TEX.R.APP.PROC. §33.1(a)(2(A)...............................................................................7

TEX.R.APP.PROC. §38 ...............................................................................................1

U.S. CONST. AMEND. VIII……………………………………………………….8

**DOCKET NO. 13-14-00271-CR**

IN THE COURT OF APPEALS FOR
THE 13TH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

**VICTOR CAMPOS,**
**APPELLANT**
**vs.**

**THE STATE OF TEXAS,**
**APPELLEE**

APPEAL FROM CAUSE NO. 13-CR-2691-E
IN 148TH JUDICIAL DISTRICT
OF NUECES COUNTY, TEXAS

**APPELLANTS'S BRIEF**

Appellant, Victor Campos, submits this Brief pursuant to Tex.R.App.Proc.

38.

## STATEMENT OF THE CASE

On February 21, 2014, Appellant Victor Campos pled guilty in an open plea

to the court, Honorable Judge Guy Williams presiding, to four separate

indictments: Possession of Marijuana in Cause No. 13-CR-3446-E, Possession of a

Controlled Substance in Cause No. 13-CR-2692-E, Possession of a Controlled

1

Substance in Cause No. 13-CR-2693-E, and Count I: Burglary with Intent to Commit a Felony (Robbery), and Count II: Burglary of a Habitation, in Cause No. 13-CR-2691-E. Only Count I and Count II in the Burglary case is the basis of this appeal.

After hearing testimony from the victim in the State's case, as well as the Appellant after the State rested, both sides closed and argued to the court. The Court then spoke to the victim with the court reporter in chambers, which was kept under seal. The Court then recessed for sentencing. Shortly thereafter, the Honorable Guy Williams recused himself from the case.

Almost two months later on April 10, 2014, visiting Judge Honorable Manuel Banales presided over the sentencing hearing. Appellant again pled guilty on the record and the Court heard testimony from the victim and Appellant before sentencing to Appellant as follows: two years state jail for one controlled substance case and the marijuana offense, ten years in the Texas Department of Criminal Justice on the possession of a controlled substance (cocaine) case, and forty-five (45) years in the Texas Department of Criminal Justice in the burglary offense, all to run concurrent with one another. No deadly weapon finding was made on the judgment.

Appellant timely filed his notice of appeal and Appellant Counsel James Martin filed an Anders Brief on December 4, 2014. On July 16, 2015, the

Thirteenth Court of Appeals abated the appeal, relieved Counsel Martin from his Appellate duties in the Burglary case only, and ordered the 148th District Court to appoint new appellate counsel to determine if the appeal is wholly frivolous or if there are arguable grounds for appeal. This brief follows.

## ISSUES PRESENTED

I. **WAS THE FORTY-FIVE YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT WHEN THERE WAS NO FINDING OF A DEADLY WEAPON?**

## STATEMENT OF FACTS

On August 13, 2013, Appellant entered into Leslie Espinosa's home without permission, along with another individual referred to as "Gordo."[1] Appellant entered a plea of guilty to the Court on February 21, 2014, and again on April 10, 2014, when the case was reset for sentencing. At the punishment hearing on April 10, victim Leslie Espinosa testified that she and her four year old daughter were home when they heard loud banging and saw Appellant and another person run into their home. R.R. Vol. 1 (Sentencing) p. 10, Ln. 1-15. Espinosa testified that she recognized Appellant as an old family friend,[2] and could see his face because his bandana kept sliding down and she recognized his voice. R.R. Vol. 1, p. 11, Ln.

---

[1] Citations to the Reporter's Record will be as follows: "R.R. Vol. __, p. __, Ln. __." All citations to the Reporter's Record refer to "Vol. 1" of sentencing occurring on April 10, 2014, unless otherwise specified. Citations to the Clerk's Record will be: "C.R. p. ___".

[2] Appellant grew up with Espinosa's family and she knew him for about ten years before the incident. R.R. Vol.1, p. 11, Ln. 20-21. Although "Gordo" is mentioned throughout, he was never charged or arrested for the offense, even though his full name is notated in police records.

12-16. Espinosa stated that she knew Appellant had a gun because her daughter started screaming "Please don't kill my mommy, please don't kill me," and then she claimed he pointed it at Espinosa's daughter. R.R.Vol. 1, p. 12, Ln. 2-5. Espinosa then got in the closet with her daughter and dialed 9-1-1. R.R. Vol. 1, p. 12, Ln. 11-16. Espinosa testified that some money she was saving was taken (although no specific amount was disclosed), along with some of her boyfriend's baseball caps. R.R. Vol. 1, p. 13, Ln. 12-16. No one was injured and no gun was recovered despite Appellant being found and arrested that same night. R.R. Vol.1, p. 39, Ln. 5-6.

Appellant also testified at his punishment hearing taking responsibility and apologizing to Espinosa. Appellant admitted to entering Espinosa's home, but submitted to the court that he was drunk and had consumed numerous Xanax bars. R.R. Vol. 1, p. 19, Ln. 22-25. Appellant was very remorseful in his testimony, admitting that he did not normally consume Xanax, and that he was not in his right state of mind. R.R. Vol. 1, p. 22, Ln. 5-12.[3] Appellant adamantly denied having a gun or using it to scare Espinosa or her daughter, testifying on cross-examination that "it really wasn't me. I wouldn't even have the heart to do that to her." R.R. Vol. 1, p. 29, Ln. 23-25. Appellant testified that "Gordo" took out the fake BB gun that his little cousin left in his mother's vehicle, and he had no idea "Gordo" was

---

[3] Appellant even wrote an apology letter to Espinosa from jail, against the advice of his trial counsel. R.R. Vol. 1, p. 25, Ln. 25 – p. 26, Ln. 1-10.

**4**

going to take it out of the car. R.R. Vol. 1, p. 24, Ln. 12-15. The only thing Appellant did was run in, take some baseball caps, and run out. R.R. Vol. 1, p. 24, Ln. 19-20.

At the end of the proceeding, trial counsel asked the court to consider granting Appellant deferred probation, arguing that it would be a great tool to mold him into a better person and contributing member of society, while at the same time holding a large hammer above his head. R.R. Vol. 1, p. 41, Ln. 4-5, 14-24; p. p. 42, Ln. 15-18. Appellant was 18 years old at the time of the offense, had no prior felony history before pleading to the cases, and spent nine months in jail waiting for his sentence. The State recommend that the court assess punishment at 20 years in prison both in closing argument and when the court asked specifically how many years the State wanted. R.R. Vol. 1, p. 35, Ln. 16-19; p. 39, Ln. 1-3. Despite the recommendations from both parties, the court assessed punishment on this case to forty-five years in the Texas Department of Criminal Justice. R.R. Vol. 1, p. 51, Ln. 18-25.

## SUMMARY OF THE ARGUMENT

Appellant Campos submits that his forty-five year sentence is in direct violation of his Eighth Amendment right against cruel and unusual punishment. Appellant preserved his right to appeal this issue by objecting to the sentence on the recording and stating that he did not feel that he deserved such a harsh

sentence. Although the punishment assessed was in the applicable range for the offense charge, it was grossly disproportionate to the crime itself and Appellant's involvement, especially given that there was no affirmative deadly weapon finding. And since the exact same crime in this jurisdiction as well as other jurisdictions around Texas have received significantly lesser sentences (often coupled with more heinous facts and circumstances), Appellant's sentence is disproportionate and in violation of his constitutional rights. Appellant petitions this court to consider remanding the case to the trial court for a new sentencing hearing.

## ARGUMENT AND AUTHORITIES

**I. WAS THE FORTY-FIVE YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT WHEN THERE WAS NO FINDING OF A DEADLY WEAPON?**

### A. STANDARD OF REVIEW

In reviewing a trial judge's sentencing in the punishment phase of any case, wide discretion is allowed to the sentencing judge. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). The court's decision with regard to punishment will not be overturned on appeal without a showing of abuse of discretion and harm. *Id.*; *citing Hogan v. State*, 529 S.W.2d 515 (Tex.Crim.App. 1975). Furthermore, so long as the sentence imposed is within the appropriate range of punishment for the crime, it will not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536 (Tex.Crim.App. 1978). Regardless of whether the sentence imposed is

6

within the applicable punishment range established by the Legislature, Texas appellate courts have recognized that "a prohibition against grossly disproportionate punishment survives under the Eighth Amendment." *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex.App. – Texarkana 2002); *see Jackson v. State*, 989 S.W.2d, 845 (Tex.App. – Texarkana 1999, no pet.). If reversible error occurs at the punishment phase in front of a trial judge alone, the case can be remanded back to the trial court for a suitable assessment of punishment. *Fluellen,* at 873.

### B. APPELLANT PROPERLY PRESERVED HIS COMPLAINT FOR APPELLATE REVIEW

Rule 33.1 of the Texas Rules of Appellate Procedure codifies the requirements for preservation of complaints. TEX.R.APP. §33.1. In pertinent part, this statute requires a showing in the record of the complaint made by a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court…unless the specific grounds were apparent from the context;" and the request complied with the requisite rules. *See* TEX.R.APP.PROC. §33.1(a)(1)(A),(B). Additionally, the trial court must have ruled on the request either expressly or implicitly, or refused to rule at all over objection. *Id.* at §33.1(a)(2)(A).

At the open plea proceedings, both at the one started on February 21, 2014, in front of the Honorable Guy Williams, and on the one conducted on April 10, 2014, in front of Honorable Manuel Banales, Appellant's counsel made several

7

requests for the court to consider sentencing Appellant to deferred adjudication probation.  R.R. Vol. 1, p. 41, Ln. 4-5, 14-24; p. p. 42, Ln. 15-18.  Campos submits that this request in and of itself is enough to preserve error in compliance with rule 33.1.  Furthermore, Appellant himself objected to the sentence when the court asked if he had any reason why the sentence should not be imposed on him: "Yes, sir, Your Honor.  I really learned my lesson.  I don't think I deserve – I understand what I did and it was wrong, but I don't think I deserve that much time, Your Honor."  R.R. Vol. 1, p. 51, Ln. 6-11.  Taking the record in context, it was clear that Appellant raised the objection to his sentence, and the Court denied that request by continuing to impose the forty-five year sentence.

## C. THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION PROHIBITS CRUEL AND UNUSUAL PUNISHMENT.

The Eight Amendment of the constitution of the United States protects against cruel and unusual punishment.  U.S. CONST. AMEND. VIII.  This amendment pertains not only to barbaric punishments, but to punishments that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 277 (1983).  In determining Eighth Amendment challenges, the reviewing court should base their analysis on objective criteria, including: (i) the gravity of the offense and harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) sentences imposed for commission of the same exact crime in other jurisdictions. *Id.* at 278. Only if the reviewing court finds that the punishment

is disproportionate to the offense will the remaining factors of the *Solem* test be considered (parts ii and iii). *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex.App. – Texarkana 2002).

### i. The gravity of the offense is grossly disproportionate to the harshness of the penalty

Burglary of a habitation with intent to commit another felony (other than a felony theft) is a first degree offense punishable by five to ninety-nine years in prison. TEX.PEN.CODE ANN. §§ 30.02(d), 12.32(a). Although the punishment imposed in the instant case is within the applicable punishment range for the offense, Appellant submits that his forty-five year sentence (over twice the sentence as recommended by the State!) does not fit the severity of the crime or his lack of criminal history. Appellant submits that this sentence was excessive and completely disproportionate to the crime committed.

Campos testified that he was not the one holding the gun, and that he did not have the "heart" to hurt Espinosa or her daughter. R.R. Vol. 1, p. 29, Ln. 23-25. Furthermore, Campos was not in his right state of mind when the incident occurred, and would not have intentionally committed the crime had he been sober. R.R. Vol. 1, p. 19, Ln. 22-25; p. 22, Ln. 5-12. Even if the trial court chose not to believe him, there was no evidence of any physical harm done to Espinosa or her daughter, nor any evidence that they were threatened with a real firearm.

9

Furthermore, Campos was only eighteen when he committed the offense, and did not have any convictions on his record.[4] After the initial open plea proceeding in February 2014, the record was very clear that the Honorable Guy Williams was heavily considering giving Appellant a deferred adjudication sentence. *See* C.R. p. 46-50. Had Campos been sentenced that day at the end of the proceeding instead of getting reset for sentencing in front of another judge, there is a strong likelihood that he never would have been sent to prison. *See Id.*

## a) *There was no deadly weapon finding*

Additionally, the sentenced imposed is disproportionate considering that there was no deadly weapon finding. Although the record in the open plea proceeding specifies that the trial court made a deadly weapon finding, there was no specific language indicating that it was "used" or "exhibited," and no such affirmative deadly weapon finding is in the judgment. *See* C.R. p. 106.

When there is an affirmative finding that a defendant used or exhibited a deadly weapon, "it then becomes the mandatory duty of the trial court to enter a separate and specific deadly weapon finding in the judgment." *Johnson v. Texas*, 233 S.W.3d 420, 424 (Tex.App. – Fort Worth 2007); *citing Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App. 1985). Regardless, if the trial court made an

---

[4] Additional mitigating evidence was presented to the court for its consideration: Appellant dropped out of school in the tenth grade to start working to help his mother with finances after his father passed away. R.R. Vol. 1, p. 20, Ln. 4-11. Appellate worked in construction for two years, and worked as a restaurant dishwasher for one. R.R. Vol. 1, p. 21, Ln. 19-22.

affirmative finding either as a matter of law or expressed as such, the court still retains discretion on whether to make the finding in the judgment when the court is the trier of fact. *Johnson*, at 425 (Tex.App. – Fort Worth 2007); *see e.g. Hooks v. State*, 860 S.W.2d 110, 111 (Tex.Crim.App. 1993).

Because there was no affirmative finding in Appellant's case, the punishment assessed was extremely high compared to the offense committed, as well as those in the same and other similar jurisdictions. *See parts ii and iii, infra*. Because of the gross disproportionally, Appellant submits that the next portions of the *Solom* test should be addressed.

## ii. Sentences imposed on other criminals in the same jurisdiction are disproportionate to Appellant's sentence

Defendants with the same exact offense of burglary with intent to commit a felony, routinely receive significantly lower sentences in both Nueces County and under the umbrella of the Thirteenth Court of Appeals. Some of the defendants' crimes are considerably more heinous than Appellant's crime (complete with a deadly weapon finding), and many of them have ample criminal records as well.

In *Hall v. State*, Appellant Hall did an open plea to the court on several cases, much like in the instant case. 2014 WL7404017 (Tex.App. – Corpus Christi) (not designated for publication). Hall pled guilty to six offenses, including credit card abuse, two counts of aggravated robbery with a deadly weapon, another aggravated robbery with a deadly weapon, burglary of a habitation with intent to

**11**

commit aggravated robbery, unauthorized use of a motor vehicle, and evading detention using a vehicle. *Id.* at 1. Regarding the first degree felonies, Hall received sentences of ten years on the first two counts of aggravated robbery, twenty years on the next aggravated robbery, and fifteen years on the burglary with intent to commit aggravated robbery, all to run concurrent with each other (and the other offenses). *Id.*

In *Saenz v. State*, Appellant Saenz initially pled guilty to burglary of a habitation with intent to commit aggravated robbery in Nueces County pursuant to a plea bargain agreement in exchange for ten years deferred probation. 2012 WL114199 (Tex.App. – Corpus Christi-Edinburg) (not designated for publication). After returning to court on a motion to revoke proceeding, Saenz was adjudicated and sentenced to only fifteen years in the Texas Department of Criminal Justice. *Id.* at 1.

In *Harms v. State*, Harms was charged in Nueces County with one count of burglary of a habitation with intent to commit a felony to an elderly, and one county of injury to an elderly with a deadly weapon. 2005 WL1845170 (Tex.App. – Corpus Christi-Edinburg) (not designated for publication). In that case, Appellant Ham entered into the 67 year old victim's home and attacked him with a butcher knife, stabbing him eight times. *Id.* at 1. Punishment was assessed at ten

years suspended for ten years community supervision on the first count, and fifteen years in prison for the second count. *Id.*

In *Gonzalez v. State*, Gonzalez entered an open plea to the offense of burglary of a habitation with intent to commit a felony, a first degree felony, in front of the 105th District Court in Nueces County. 2013 WL268982 (Tex.App. – Corpus Christi-Edinburg) (not designated for publication). The trial court sentenced Gonzalez to fifteen years in prison. *Id.* at 1.

Perhaps the most comparable case in this jurisdiction is Appellant's case itself. The Honorable Guy Williams, the presiding judge of the 148th District Court, who sentences people everyday to these kinds of offenses, was almost certainly going to sentence Appellant to deferred adjudication for this very case after hearing the same evidence. *See* C.R. p. 46-50. After both parties rested and closed, the Court asked to speak to Espinosa in chambers, along with the court reporter. The meeting minutes were sealed in the record, but important parts of the conversation are detailed in the affidavits supporting the state's motion to recuse. *See* C.R. p. 46-50. The Court at this point heard the same evidence and testimony that was heard at the April 10th hearing, as well as the same mitigating information from Appellant himself. The fact that Judge Williams was considering sentencing Appellant to deferred adjudication is incredibly significant when making a determination if Appellant's ultimate sentence of forty-five years was

disproportionate. After hearing the same exact information on the same exact case a month and a half later, Visiting Judge Manuel Banales not only sentenced Appellant to prison time, but he imposed a sentence that was over twice the amount of time the State was asking for.

The sentences imposed on a routine basis for this crime in Nueces County are completely disproportionate to Appellant's. Each case discussed *supra* give the defendant anywhere from fifteen to twenty years in the penitentiary, even when the victims are sexually assaulted or stabbed multiple times. In the instant case, Appellant broke into a home and stole baseball caps; no one was hurt in the process. R.R. Vol. 1, p. 24, Ln. 19-20.

### iii. Punishments for the same exact crime in other jurisdictions are disproportionate to Appellant's sentence

Additionally, the same exact crime in other jurisdictions in Texas has rendered a lighter sentence despite more grave circumstances.

In *Reavis v. State*, Appellant Gary Reavis was charged by indictment (along with other codefendants) with burglary with intent to commit: (1) kidnapping; (2) robbery; sexual assault; and (4) and aggravated assault. *Reavis*, 1997 WL217138 (Tex.App. – Austin) (not designated for publication). In that case, two victims were assaulted and the female was sexually assaulted. *Id.* at 1. Nonetheless, even after Reavis was found guilty of burglary exactly as charged, he was punished by a $5,000 fine and probated sentence of ten years confinement. *Id.* at 1.

**14**

In *Carlock v. State*, Carlock along with two other codefendants entered a 95 year old man's home with the intent of stealing items to sell for drugs. 8 S.W.3d 717, 719 (Tex.App. – Waco 1999). Each codefendant took turns holding the elderly man while the others burglarized the home. *Id.* A rubber mat and a pillow were thrown over the victim's head, he was held down by the wrists, and he had trouble breathing. *Id.* at 720. The 95 year old man was left with bruises on his arms and a sore jaw while the assailants took off with jewelry, knives, a shotgun, and the victim's car. *Id.* Appellant Carlock received twenty years in prison. *Id.* at 719.

In *Myers v. State*, Javier Myers and a codefendant were charged with burglary of a habitation with intent to commit robbery. 2007 WL 4146741 (Tex.App. – Amarillo) (not designated for publication). Appellant Myers and his codefendant broke into a home and Myers (armed with a crow bar) had an altercation with one of the victims. *Id.* at 1. After ransacking the home and stealing a watch, Myers was sentenced by the trial court to twenty years in prison. *Id.*

In *Williams v. State*, Appellant Williams was convicted of burglary of a habitation with intent to commit aggravated robbery. 2010 WL 3307456 (Tex.App. – Houston [14th Dist.]) (not designated for publication). Williams and his friend broke into the victims' home and robbed the family at gunpoint, pistol whipping one of the victims in the face and forcing the victims to escape through the master

bedroom window.  *Id.* at 1.  Despite already being on probation for a previous aggravated robbery, Williams received eighteen years in prison.  *Id.*

Much like the trend in Nueces County, these sentences are consistent with a fifteen to twenty year punishment in the penitentiary, some even resulting in probation.  Appellant submits that his crime is no worse than any of these cases discussed from Nueces County or other jurisdictions throughout the state.

Because Appellant properly preserved error for appeal, and the forty-five year prison sentence imposed directly violates his rights under the Eighth Amendment protecting against cruel and unusual punishment, his case should be remanded to the trial court for a new sentencing hearing.

## CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing argument and case law, Appellant submits that he is entitled to the relief requested in this Appellant Brief.  Appellant respectfully prays that this Honorable Court of Appeals remand this case to the trial court for a new punishment hearing.

Respectfully submitted,

/s/Celina Lopez Leon
**CELINA LOPEZ LEON**
State Bar No. 24070170

**LAW OFFICE OF SCOTT M. ELLISON**, **P.L.L.C.**
410 Peoples St.
Corpus Christi, TX 78401
Telephone:  (361) 887-7600
Telecopier:  (361) 882-4728


**ATTORNEY FOR APPELLANT**,
**VICTOR CAMPOS**

**<u>CERTIFICATE OF SERVICE</u>**

As Attorney of Record for Appellant, I do hereby certify that a copy of the foregoing Brief has been hand delivered to Mark Skurka, Esq., District Attorney, Nueces County, TX at Leopard St., Corpus Christi, TX 78401 on this 19th day of October, 2015.

<u>/s/Celina Lopez Leon</u>
**CELINA LOPEZ LEON**

## **RULE 9.4(i) CERTIFICATION**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 3,566.

/s/Celina Lopez Leon
**CELINA LOPEZ LEON**