**Opinion filed August 4, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00211-CR
_____

**DEUNTRE JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22406B**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Deuntre Jackson entered a plea of guilty to the offense of deadly conduct. He was charged by information with knowingly discharging a firearm in the direction of a habitation at a time when he did not know if the habitation was occupied. Pursuant to the terms of the plea agreement, the trial court assessed Appellant's punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice and it assessed a

fine of $1,000. However, the trial court suspended the imposition of the confinement portion of Appellant's sentence and placed him on community supervision for ten years.

The State subsequently filed a motion to revoke community supervision. The State alleged five violations of the terms and conditions of community supervision. The first two alleged violations concerned an event that occurred seven days after the trial court placed Appellant on community supervision. Appellant was arrested for driving while intoxicated. At the hearing on the motion to revoke, Appellant pleaded "true" to the alleged violations. At the subsequent disposition hearing, the trial court revoked Appellant's community supervision and imposed the original sentence of confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant asserts that his punishment constitutes cruel and unusual punishment. We affirm.

*Background Facts*

Because of the nature of the issue on appeal, we direct our attention to the matters addressed at the disposition hearing. Appellant called Krishina Thompson as a defense witness. Thompson testified that she is Appellant's common-law wife and that they have a baby together. She further testified that Appellant has an alcohol and drug problem for which he needed help from the trial court.

Appellant also testified on his own behalf. He testified that, in addition to the deadly conduct charge, he also had a heroin charge for which he did "time served." He testified that he had a drug and alcohol problem and that the DWI came about because he was "drunk" and "high." He also testified that he would be willing to comply with a drug treatment program.

On cross-examination, Appellant admitted to violating several terms and conditions of his community supervision by committing driving while intoxicated

2

less than a week after being placed on community supervision. His vehicle collided with a tree at the time of the incident, and his blood alcohol level was 0.215.

During closing arguments, the prosecutor argued for a revocation of community supervision and, consequently, incarceration. Defense counsel asked the trial court to help Appellant by assigning him to a treatment facility such as SAFP or SATF. After closing statements, the trial court found the first two alleged violations (dealing with driving while intoxicated) to be true. It revoked Appellant's community supervision and assessed his punishment at confinement for ten years as per the original terms of the plea agreement.

*Analysis*

In his sole issue, Appellant contends that his sentence was excessive and violated his right under the Eighth Amendment to be free from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. Appellant contends that his sentence of imprisonment is "unjust" and "grossly disproportionate" because of the following reasons: he had no criminal history before the initial offense; he suffers from a substance abuse disorder; and SAFP treatment—rather than confinement—would be best for rehabilitating his disorder. He further contends that his sentence violated Article I, Section 13 of the Texas Constitution for the same reasons. *See* TEX. CONST. art. I, § 13. Because there is "no significance in the difference between the Eighth Amendment's 'cruel and unusual' phrasing and the 'cruel or unusual' phrasing of Art. I, Sec. 13 of the Texas Constitution," we address Appellant's complaints together. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must first raise the issue in the trial court. TEX. R. APP. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("In some instances, an appellant may preserve a sentencing issue by raising it in a motion for new trial."). Appellant did not object, under constitutional or other grounds, that

3

the sentence was cruel, unusual, excessive, or disproportionate to sentences that other individuals received for the same offense. However, he cites *Holguin-Hernandez v. United States* for the proposition that his request for a lesser sentence was sufficient to preserve his Eighth Amendment claim. *See* U.S., 140 S. Ct. 762, 206 (2020).

Appellant's reliance on *Holguin-Hernandez* is misplaced. As noted by the Dallas Court of Appeals, *Holguin-Hernandez* is based on a federal rule of criminal procedure, whereas preservation of error in Texas is based upon Rule 33.1(a)(1) of the Texas Rules of Appellate Procedure. *Briggs v. State*, No. 05-19-01310-CR, 2020 WL 6268480, at *3 n.3 (Tex. App.—Dallas Oct. 26, 2020, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1(a)(1)). Therefore, Appellant failed to preserve his complaint for our review. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (failing to object at trial waives a claim of cruel and unusual punishment under the United States Constitution); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

But, even if Appellant had preserved the issue, his sentence does not constitute cruel and unusual punishment. When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment "absent a showing of abuse of discretion and harm." *Id.* (citing *Hogan v. State*, 529 S.W.2d 515 (Tex. Crim. App. 1975)).

Appellant pleaded guilty to the third-degree felony offense of deadly conduct by discharging a firearm in the direction of a habitation while being reckless as to whether the habitation was occupied. *See* TEX. PENAL CODE ANN. § 22.05(b)(2), (e) (West 2019). Therefore, the punishment range for the offense was imprisonment

between two and ten years and an optional fine not to exceed $10,000. *See id.* § 12.34. Appellant's ten-year sentence falls within the statutory punishment range.

Generally, "punishment assessed within the statutory limits . . . is not excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). However, a sentence that is within the applicable range of punishment might be cruel or unusual in the "exceedingly rare" or "extreme" case in which the sentence is grossly disproportionate to the offense. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *Solem v. Helm*, 463 U.S. 277, 287 (1983). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer*, 538 U.S. at 77.

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which [the] threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.* (citing *Graham*, 560 U.S. at 60).

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin*, 501 U.S. at 959). To evaluate the proportionality of a sentence, the first

step is for us to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Solem*, 463 U.S. at 291–92). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

We begin our analysis of Appellant's sentence by noting that he received the same sentence that he agreed to receive pursuant to the plea agreement that he signed prior to being placed on community supervision. Additionally, the record also established that Appellant had a pending heroin charge that was resolved by the plea agreement. A person could have been seriously injured or killed as a result of Appellant's actions with respect to the deadly conduct charge. Furthermore, Appellant was not under community supervision for even a full week before his arrest for DWI that he committed with a blood-alcohol level of over two times the legal limit.

Given the evidence at Appellant's punishment hearing, it would be difficult to conclude that the trial court abused its discretion in imposing a sentence of confinement for Appellant for ten years. The trial court stated as follows when it sentenced Appellant:

> Sir, I've listened to all the evidence, and my job is to do what I think is in society's best interest and also to do what I think is in your best interest. And considering all of the evidence and the factors which I'm required to consider, I believe that holding you fully accountable for this crime that you committed is -- is the right thing to do, and that's why I'm going to sentence you [to] ten years in prison.

One of the goals of the Penal Code is to ensure the public safety through deterrence, rehabilitation, and punishment. *See* PENAL § 1.02(1) (West 2021). Given the gravity of Appellant's conduct and the damage that could have been brought as a result of Appellant's actions, the sentence imposed by the trial court is not grossly disproportionate to the offense. Furthermore, the sentence serves the goal of protecting the public safety. Consequently, we need not compare Appellant's sentence with the sentences received for similar crimes in this or other jurisdictions. *See Simpson*, 488 S.W.3d at 323. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


August 4, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.