Opinion filed August 4, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00242-CR

_____

## ADRIAN ARAUJO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-19-0243-CR**

## M E M O R A N D U M   O P I N I O N

Adrian Araujo, Appellant, appeals from a judgment adjudicating guilt and assessing punishment for the offense of aggravated assault, using a deadly weapon and causing serious bodily injury to a member of his family, a first-degree felony. TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West Supp. 2021); TEX. FAM. CODE ANN. § 71.003 (West 2019); *see also* TEX. GOV'T CODE ANN. § 573.024 (West 2021). The trial court assessed punishment at confinement for a term of twenty-five years in the

Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant contends that his punishment was grossly disproportionate to the conduct at issue and in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend VIII. We affirm.

*Procedural History*

Appellant entered a plea of guilty in August 2019 for "aggravated assault [of a] date/family/house[hold member causing] serious bodily injury." *See* PENAL § 22.02(a), (b)(1). The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of four years. In September 2020, the State filed a motion for a warrant and to adjudicate guilt based on two allegations of Appellant violating the terms of his community supervision. The State alleged that Appellant failed to abstain from consuming alcohol and failed to maintain curfew. At a hearing before the trial court on October 7, 2020, Appellant pled "true" to both allegations.

Following Appellant's pleas of "true" to both allegations, the trial court heard evidence from a detective, a probation officer, a substance abuse counselor, and two police officers. The State brought forth the witnesses for the purpose of providing the trial court with information to determine punishment. Hearing the evidence, the trial court found Appellant guilty of the underlying offense and assessed punishment at twenty-five years' confinement. Following the judgment, Appellant filed a motion for new trial and motion in arrest of judgment. *See* TEX. R. APP. P. 21, 22.

In a single issue, Appellant argues that the punishment assessed by the trial court was grossly excessive and violated the Eighth Amendment of the United States Constitution. Appellant contends that he was not given credit for the time he spent on deferred adjudication community supervision and that the trial court ignored evidence that the offense was not serious.

*Appellate Standing and Preservation*

The present proceeding is a direct appeal of the revocation and adjudication proceedings, not a direct appeal from Appellant's original plea proceeding. In *Manuel v. State*, the Texas Court of Criminal Appeals held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). In an appeal from a revocation proceeding, the defendant is generally limited to challenging the grounds for revocation. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed."). Any attempt by Appellant to challenge the elements of the indictment to which he pleaded guilty and for which he received deferred adjudication are not reviewable in this appeal.[1] Appellant does not challenge his pleas of "true," only the punishment assessed by the trial court.

To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must first raise the issue in the trial court. TEX. R. APP. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("In some instances, an appellant may preserve a sentencing issue by raising it in a motion

---

[1] In his argument before the trial court and in a single footnote of his appellate brief, Appellant questions whether the victim constituted "family" according to the Family Code. *See* FAM. § 71.003 ("'Family' includes individuals related by consanguinity or affinity . . . ."); GOV'T § 573.024 ("Two individuals are related to each other by affinity if . . . (2) the spouse of one of the individuals is related by consanguinity to the other individual."). Assault on a family member raises the offense from a second-degree to a first-degree felony *if* the defendant uses a deadly weapon *and* causes serious bodily injury. PENAL § 22.02(b)(1). This *potential* issue is not reviewable in this appeal. The indictment described the victim as a "a member of the defendant's family, as described by Section 71.003 of the Texas Family Code"—to which Appellant pleaded guilty and, in doing so, acknowledged that the victim was a member of Appellant's "family." If we were to assume that the referenced footnote in Appellant's brief rose to the level of an issue for appeal, it would be "a collateral attack [that] is not allowed" and that we would be required to dismiss for want of jurisdiction. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016); *Schibi v. State*, 635 S.W.3d 461, 464–66 (Tex. App.—Eastland 2021, no pet.).

for new trial."). Appellant did not object before the trial court, under constitutional or other grounds, that the sentence was cruel, unusual, excessive, or disproportionate to sentences that other individuals received for the same offense. Therefore, Appellant failed to preserve his complaint for our review. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (failing to object at trial waives a claim of cruel and unusual punishment under the United States Constitution).

*The Eighth Amendment*

Even if Appellant had preserved the issue, his sentence does not constitute cruel and unusual punishment, or even grossly disproportionate punishment. When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment "absent a showing of abuse of discretion and harm." *Id.* (citing *Hogan v. State*, 529 S.W.2d 515 (Tex. Crim. App. 1975)). To run afoul of the Eighth Amendment, a sentence must be grossly disproportionate to the crime. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A punishment for a term of years will be grossly disproportionate "only in the exceedingly rare or extreme case." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Further, a punishment that falls within the statutory range determined appropriate by the legislature for an offense will generally not be considered "excessive, cruel, or unusual." *Id.* at 323 (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

Appellant pleaded guilty to the first-degree felony offense of aggravated assault. *See* PENAL § 22.02(a), (b)(1). The punishment range for a first-degree felony is imprisonment for five to ninety-nine years or life. *Id.* § 12.32. Appellant's twenty-five-year sentence falls within the statutory punishment range. A sentence within the statutory range is rarely cruel or unusual. *See Simpson*, 488 S.W.3d at

4

322. To determine whether a sentence for a term of years is grossly disproportionate to the offense committed, we "must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.* (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992)). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or in other jurisdictions. *Bradfield v. State*, 42 S.W.3d 350, 353–54 (Tex. App.—Eastland 2001, pet. ref'd).

Appellant, on or about January 8, 2019, used a knife to cut the neck of a family member during an assault. The trial court heard testimony that Appellant's uncle sustained serious cuts to his neck, that Appellant did not ever take responsibility for his violent actions, that he violated certain conditions of his probation, and that his probation officer believed he could not be successful on probation moving forward. The State also presented evidence that Appellant blacks out when he drinks alcohol and that Appellant has not stopped drinking alcohol, despite telling his substance abuse counselor in June 2020 that he had stopped drinking alcohol in January 2018. Appellant presented no witnesses.

Appellant's punishment was assessed at imprisonment for twenty-five years, which is closer to the statutory minimum of five years than it is to the statutory maximum of ninety-nine years or life. *See* PENAL § 12.32. While Appellant may have presented argument that his sentence was too harsh, he did not provide evidence that it was unconstitutional. *See Simpson*, 488 S.W.3d at 324. Generally, a sentence for a term of years that falls within the statutory range prescribed by the legislature will not amount to a cruel and unusual punishment. *Id.* at 322. In light of (1) the gravity of the offense of assault using a deadly weapon upon and causing serious bodily injury to a family member and (2) the punishment being set at the lower end

of the statutory range, no threshold inference exists that Appellant's punishment was grossly disproportionate. As such, we need not complete further analysis to conclude that Appellant's sentence of twenty-five years of confinement did not violate the Eighth Amendment. *Id.* at 324. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


August 4, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.